IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER LESLIE MOYER and GLEN ALLEN MOYER, as Co-Executors and Administrators of the ESTATE OF BETTY MOYER, deceased, | : : : : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. 13-cv-4497 |
| | : | |
| v. | : | |
| | : | |
| BERKS HEIM NURSING HOME and COUNTY OF BERKS, | : : | |
| | : | |
| Defendants. | : | |

MEMORANDUM

STENGEL, J.                                                      March 19, 2014

  Roger and Glen Moyer, plaintiffs, bring this action in their capacity as co-executors of the estate of their mother, Betty Moyer. Plaintiffs allege that defendants violated Ms. Moyer's civil rights, and they assert claims pursuant to 42 U.S.C. § 1983 through the mechanism of Pennsylvania's wrongful death and survival statutes. Plaintiffs also include state law claims for medical malpractice. Defendants have moved to dismiss the complaint. For the reasons that follow, I will the counts for medical malpractice which are barred by sovereign immunity. Otherwise, the motion is denied.

I.  BACKGROUND

  Betty Moyer was a resident at the Berks Heim Nursing Home in Leesport, Pennsylvania. The nursing home is owned and operated by Berks County, Pennsylvania. Plaintiffs allege that defendants provided Ms. Moyer with inadequate care in violation of

Ms. Moyer's rights guaranteed by the Federal Nursing Home Reform Amendments

(FNHRA).[1]  As a result of these violations, Ms. Moyer fell eleven times sustaining

various injuries.[2]  The nursing home informed plaintiffs of the falls for the first time on

January 24, 2013.  On March 13, 2013, Ms. Moyer passed away at the age of eighty-

eight.  The Berks County Register of Wills appointed plaintiffs co-executors of Ms.

Moyer's estate on April 18, 2013.

## II.    STANDARD OF REVIEW

A complaint must set forth "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the

defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must

provide "more than labels and conclusions" or "a formulaic recitation of the elements of a

cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  Id. at 1965;

Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a

complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief

can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept

as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89

(2007), and all reasonable inferences permitted by the factual allegations, Watson v.

---

[1]  Plaintiffs allege twenty different violations of Ms. Moyer's FNHRA rights.

[2]  Plaintiff allege that Ms. Moyer fell on July 8, 2010; September 21, 2010; November 9, 2010; December 12, 2010; April 5, 2011; August 4; 2011; September 18, 2011; June 27; 2012; October 20, 2012; January 23, 2013.

Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most

favorable to the plaintiff.  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The court

is not, however, "compelled to accept unsupported conclusions and unwarranted

inferences or a legal conclusion couched as a factual allegation."  Baraka v. McGreevey,

481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged

are sufficient to "raise a right to relief above the speculative level" such that the

plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss.

Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227,

234-35 (3d Cir. 2007).

## III.    DISCUSSION

### A.        § 1983 Wrongful Death and Survival Claims

Counts I and II assert § 1983 claims based on the FNHRA.  Since Ms. Moyer is

deceased, plaintiffs prosecute these claims by way of Pennsylvania's wrongful death and

survival statutes.  There is no real dispute that the FNHRA creates individual rights

which are enforceable through § 1983.  Rather, defendants contend that civil rights

violations cannot serve as the basis of a state law wrongful death action.  With regard to

the survival action, defendants believe they are entitled to sovereign immunity.  To the

contrary, the plaintiffs have pleaded a plausible claim for relief.

The Civil Rights Act of 1871 authorizes civil actions against any person who

under color of state law deprives another person of the rights guaranteed under the

Constitution or Laws of the United States.  42 USC § 1983.  The statute does not create

any substantive rights; rather, it provides "a method for vindicating federal rights

elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (citing Baker v.

McCollan, 443 U.S. 137, 144, n. 3 (1979)).  Thus, the plaintiff must identify the federally

guaranteed right the defendant violated.  Id. at 271 (citing Graham v. Connor, 490 U.S.

386, 394 (1989).[3]

Here, plaintiffs allege that defendants violated the decedent's federally guaranteed

rights under the FNHRA.  42 U.S.C. § 1396r.  The FNHRA established quality of care

and resident rights requirements which nursing homes must meet in order to participate in

the Medicaid and Medicare programs.  Grammer v. John J Kane Regional Centers – Glen

Hazel, 570 F.3d 520, 523 (2009).  The Third Circuit has held that the FNHRA creates

individual rights for residents of nursing homes which are enforceable through § 1983.

Id. at 532.  Plaintiffs plead numerous facts which if proven would tend to show that the

county's care of the Ms. Moyer violated her rights under the FNHRA.  It appears that

plaintiffs have plead a viable § 1983 claim

However, Ms. Moyer is deceased and cannot bring a § 1983 claim in her own

right.  "It has of course been well established for many years that a cause of action arising

under a federal civil rights statute does not die with the victim of the alleged

constitutional wrong."  Baffa v. Black, 481 F. Supp. 1083, 1085-86 (E.D. Pa. 1979); *see

also* Brazier v. Cherry, 293 F.2d 401, 404 (5th Cir. 1961), *cert. denied*, 368 U.S. 921

(1961) (". . . [I]t defies history to conclude that Congress meant to assure to the living

freedom from such unconstitutional deprivations, but that, with like precision, it meant to

---

[3]  In order to plead a prima facie case, the plaintiff must also allege that the defendant acted under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).  As the defendants are a municipality and a municipal agency, plaintiffs
have satisfied this element.

withdraw the protection of civil rights statutes against the peril of death."). Since the Civil Rights Act is silent on the issue, district courts must look to state law to determine if the civil rights claim survives the decedent's death. 42 U.S.C. § 1988;[4] Robertson v. Wegmann, 436 U.S. 584, 593 – 594 (1978); Giles v. Campbell, 698 F.3d 153, 156 (3d. Cir. 2012). Plaintiffs seek to vindicate the decedent's § 1983 claims by way of Pennsylvania's wrongful death and survival statutes. I will address the wrongful death claim first.

Defendants object to plaintiffs' assertion of a wrongful death claim based on the alleged violations of the decedents FNHRA rights. A wrongful death action compensates the spouse, children and parents of the decedent for the damages they sustain by reason of the decedent's death. 42 Pa.C.S. § 8301;[5] Kiser v. Schulte, 648 A.2d 1, 4 (Pa. 1994) "[T]he cause of action contemplated by the statute is the tort which produces death, and not the death caused by the tort." Centofanti v. Pennsylvania R. Co., 90 A. 558, 561 (Pa.

---

[4]  The statute provides: "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."  42 U.S.C. § 1988.

[5]  The wrongful death statute states in relevant part: "An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery." 42 Pa.C.S. § 8301(a).

1914).[6]  As Ms. Moyer's children, plaintiffs are the beneficiaries of any wrongful death

recovery; however, they bring this action in their capacity as the administrators of Ms.

Moyer's estate pursuant to Pa. R. Civ. P. 2202.[7]  *See* Miller v. Philadelphia Geriatric Ctr.,

463 F.3d 266, 277 (3d Cir. 2006) (dismissing § 1983 action filed by daughter of decedent

because estate had already filed claim on her behalf); *See also* Baffa, 481 F. Supp. at

1086 (plaintiff may not bring a § 1983 wrongful death action in his individual capacity,

but he may do so in his capacity as executor).

Defendants argue that Pennsylvania's wrongful death statute does not apply to

§1983 actions because the "remedies for a wrongful death do not afford redress for

deprivations of the decedent's federal rights."  Br. 8.  Usually, a plaintiff does not have

standing to litigate the violations of a third party's civil rights.  O'Malley v. Brierley, 477

F.2d 785, 789 (3d Cir. 1973).  Insofar as the underlying tort in a wrongful death action is

the tort causing death, a § 1983 wrongful death claim would appear to conflict with

O'Malley because plaintiffs would be allowed to recover damages based on the violation

of their mother's civil rights.  On the other hand, some courts have reasoned that the

decedent's survivors are also victims of the civil rights infringement; therefore, a

wrongful death action must be allowed to give the civil rights statute full effect.  Brazier.

293 F.2d at 409.

---

[6]  This question calls for the application of Pennsylvania's wrongful death and survival statutes.  A federal court applying state law must apply state law as interpreted by the state's highest court.  *E.g.,* McKenna v. Pacific Rail Service, 32 F.3d 820, 825 (3d Cir. 1994).

[7]  According to the rule, "[A]n action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death." Pa. R. Civ. P. 2202 (a).

The Supreme Court has not decided "whether § 1983, independently or in conjunction with state law, may be used by survivors when the decedent's death resulted from a constitutional violation." Berry v. City of Muskogee, Okl., 900 F.2d 1489, 1502 (10th Cir. 1990) (citing Jones v. Hildebrant, 432 U.S. 183 (1977)).[8] Consequently, the courts of appeals have struggled with this question and have reached differing results. Finding that estates lack standing, several circuits prohibit § 1983 wrongful death claims preferring instead a federal common law remedy.[9] See Andrews v. Neer, 253 F.3d 1052 (8th Cir. 2001); Berry, 900 F.2d at 1506-7; Jaco v. Bloechle, 739 F.2d 239, 243 (6th Cir. 1984)). Other courts allow § 1983 wrongful death claims to go forward. See Carringer v. Rodgers, 331 F.3d 844, 850 (11th Cir. 2003); Spence v. Staras, 507 F.2d 554, 558 (7th Cir. 1974); Brazier, 293 F.2d at 409. The Third Circuit has not addressed the issue[10] and there is disagreement among the judges of this district. Compare Massey v. Fair Acres Geriatric Center, 881 F.Supp.2d 663 (E.D. Pa. 2012), with Baffa, 481 F. Supp. at 1086.

---

[8] Robertson specifically did not address what claims arise when "deprivation of federal rights caused death." 436 U.S. 594 (citing Brazier, 293 F.2d 401). In Jones, the Court granted certiorari to resolve whether a state law wrongful death action could be based on the violation of decedent's civil rights. 432 U.S. 183. However, during oral argument, plaintiff argued that her claim was based on the violation of her own personal liberty to raise her child without interference from the state. Since this claim was not raised in the complaint nor on appeal, the court dismissed certiorari as improvidently granted.

[9] "…[F]ederal courts must fashion a federal remedy to be applied to § 1983 death cases. The remedy should be a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured.' It must make available to plaintiffs sufficient damages to serve the deterrent function central to the purpose of § 1983…. We believe appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, loss of earnings based upon the probable duration of the victim's life had not the injury occurred, the victim's loss of consortium, and other damages recognized in common law tort actions. Berry, 900 F.2d at 1506-07.

[10] Contrary to plaintiffs assertion, Grammer did not decide the whether a civil rights violation resulting in decedent's death can form the basis of a wrongful death claim. 570 F.3d at 522. Of course, it is very interesting that the facts of this case are on all fours with Grammer. As here, Ms. Grammer sued a county run nursing home for the wrongful death of her mother claiming violations of the decedent's rights under FNHRA. While the Court of Appeals recognized that FNHRA created rights enforceable through a § 1983 action, the court was not called upon to address and did not discuss the propriety of asserting a §1983 claim in a wrongful death action.

At this early stage of the litigation, I will not dismiss the § 1983 wrongful death claim.  As plaintiffs point out, the only damages which may be recoverable under their wrongful death claims are funeral expenses.  Resp. 6.  Such expenses are recoverable even under the rule adopted by the Sixth, Eighth and Tenth Circuits. [11]  Berry, 900 F.2d at 1506-07 (appropriate compensatory damages include, *inter alia*, medical and burial expenses).  After discovery, the parties may re-argue their positions about the propriety of § 1983 wrongful death claims, but there may be no need to predict what rule the Third Circuit will adopt if plaintiffs' damages are recoverable under both theories.

Defendants also move to dismiss the plaintiffs' § 1983 survival action.  A survival action is a separate and distinct cause of action from a wrongful death claim.  Schwab v. P. J. Oesterling & Son, Inc., 126 A.2d 418, 420 (Pa. 1956).   The survival statute authorizes the estate to bring an action on behalf of the decedent seeking damages for injuries sustained by the decedent during his or her life.  42 Pa.C.S. §§ 8302; Kiser, 648 A.2d at 4.  Any damages inure to the benefit of the estate and pass according to the terms of the will or intestacy.  Patton v. Baltimore & O. R. Co., 197 F.2d 732, 744 (3d Cir. 1952).  After Robertson, there is no real question that the decedent's § 1983 claims survived her death.

Rather than attack the survival of a § 1983 claim, defendants contend that the survival action should be dismissed because it is based on medical malpractice; thus, they are entitled to sovereign immunity under Pennsylvania's Political Subdivision Tort

---

[11]  While the Sixth Circuit has not adopted the federal common law remedy in the same terms expressed in Berry and Andrews, the Circuit has recognized that its precedent was in accord with the Eighth and Tenth Circuits.  *See* Frontier Ins. Co. v. Blaty, 454 F.3d at 602-3 (discussing the "federal wrongful death cause of action developed in Berry, Andrews and Jaco).

Claims Act.  42 Pa.C.S. § 8541.  Defendants devote only one sentence to this argument and cite no authority.  Plaintiffs' § 1983 claim is separate and distinct from their counts of medical malpractice.  Defendants are mistaken if they believe that the civil rights claim is converted into a negligence action because it arises from the same facts as the malpractice allegations.  Therefore, the parties will commence discovery on the § 1983 survival claim.

### B.    Statute of Limitations

Pennsylvania's two year statute of limitations for personal injuries applies to this case.  42 Pa.C.S. § 5524(2); Owens v. Okure, 488 U.S. 235, 236 (1981).  Plaintiffs allege that Ms. Moyer fell eleven times between July 8, 2010 and January 23, 2013.  Plaintiffs did not file this action until August 2, 2013.  Therefore, defendants contend that plaintiffs cannot recover for any injuries Ms. Moyer sustained prior to August 2, 2011.  Plaintiffs disagree and assert that the discovery rule tolls the statute of limitations for the earlier injuries. [12]

Because survival actions and wrongful death actions are designed to redress distinct injuries, the actions can accrue on different dates.  See Moyer v. Rubright, 651 A.2d 1139, 1141 (Pa. Super 1994) (citations omitted).  As a survival action continues in the estate a cause of action which accrued to the decedent during her life, the statute of

---

[12]  The discovery rule does not toll the two year statute of repose for wrongful death and survival claims.  40 Pa.C.S. § 1303.513; Pastierik v. Duquesne Light Co., 526 A.2d 323 (Pa. 1987).  This complaint was filed within two years after Ms. Moyer's death, so the statute of repose is not triggered.  Otherwise, Pastierik places no additional restrictions on the use of the discovery rule to toll the statute of limitations in wrongful death and survival actions. 42 Pa.C.S. § 5524(2); see Pastierik, 526 A.2d at 327 ("[T]he statute of limitations was regarded as running, *at the latest*, from the time of death, unless it had earlier 'accrued' through the fact that the victim knew, or should reasonably have known of his injury.").

limitations begins to run on the date the decedent sustained the injury.  Id.  On the other hand, a wrongful death action seeks to remedy the damages sustained by the decedent's spouse, children or parents as a result of the death.  Therefore, a wrongful death action accrues when the beneficiary suffers a pecuniary loss.  Id. at 1142.  Nonetheless, the statutory beneficiaries have no cause of action for wrongful death if the underlying negligence action would have been time-barred at the time of death.  Id.  Hence, application of the discovery rule is relevant to both claims.

"[T]he 'discovery rule' exception arises from the inability, despite the exercise of diligence, to determine the injury or its cause, not upon a retrospective view of whether the facts were actually ascertained within the period."  Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471-72 (1983).  "Under this test, a party's actions are evaluated to determine whether he exhibited 'those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others.'"  Fine v. Checcio, 870 A.2d 850, 858 (PA. 2005) (quoting Crouse v. Cyclops Industries, 745 A.2d 606, 611 (Pa. 2000)).  Whether the discovery rule applies is usually a question of fact for the jury.  E.g., Id.

The complaint alleges sufficient facts from which reasonable minds could differ in determining whether Ms. Moyer and plaintiffs could have known about Ms. Moyer's injuries through reasonable diligence.  The complaint alleges that plaintiffs never knew that Ms. Moyer fell eleven times until defendants notified plaintiffs on January 24, 2013. Defendants were in exclusive control of this information because Ms. Moyer was incapacitated and unable to appreciate that she was injured or communicate same to

10

plaintiffs.  Defendants submit exhibits in an effort to show that plaintiffs had knowledge

of Ms. Moyer's injuries as early as July 8, 2010.  However, the court may not consider

this evidence since plaintiffs deny the veracity of these documents nor is the claim based

on the documents.  <u>Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d

1192, 1196 (3d Cir. 1993).  In any event, the exhibits only create a disputed issue of fact

foreclosing a finding that the discovery rule does not apply as a matter of law.  *See*

<u>Pocono International</u>, 468 A.2d at 471.  As a result, I cannot conclude that any of the

claimed injuries are time-barred.

### C.     State law negligence and malpractice claims

Counts III, IV and V seek damages for alleged medical malpractice.[13]  The parties

do not contest that Berks County and Berks Heim Nursing Home are immune from

claims of medical malpractice.  42 Pa.C.S. § 8541; <u>Davis v. Cnty. of Westmoreland</u>, 844

A.2d 54, 56 (Pa. Commw. Ct. 2004) (county owned nursing facility is not liable for

medical malpractice).  Rather, plaintiffs submit that dismissing these counts would be

premature because multiple actors, who do not share sovereign immunity, may be liable

for the negligence.  While this may be true, none of the supposed tortfeasors are named in

the complaint, and the municipal defendants are entitled to dismissal of these counts with

prejudice.

Plaintiffs raise the concern that if I dismiss the negligence counts, discovery into

the negligence of private contractors will be restricted.  While I do not necessarily accept

---

[13]  Counts IV and V aver state law claims for wrongful death and survival.  Since counts I and II allege the § 1983 wrongful death and survival claims, I infer that counts IV and V deal solely with the malpractice claims.

this argument, the problem is easily remedied by naming "doe defendants." "Doe defendants 'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.'" <u>Hindes v. F.D.I.C.</u>, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted).  If plaintiffs wish to pursue the negligence claims against the unknown contractors, they have leave to file an amended complaint naming "doe defendants."  I will dismiss the "doe defendants" if discovery yields no identities.  <u>Id</u>.

### D.    Certificate of Merit

Finally, defendants move to dismiss the vicarious liability claims because plaintiffs failed to file a certificate of merit as to the other licensed professionals for whom the defendants are responsible.  Pennsylvania Rule of Civil Procedure 1042.3 requires a certificate of merit to be filed in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard.  The certificate of merit rule is substantive state law which federal courts must apply.  <u>Booker v. United States</u>, 366 Fed. Appx. 425, 426 (3d Cir.2010).

The motion should be denied because Plaintiffs filed a certificate of merit within 30 days of defendants' motion to dismiss.  *See* <u>Fabian v. United States</u>, CIV.A. 13-1656, 2013 WL 5525647 (E.D. Pa. Oct. 7, 2013).  The certificate clearly states in the language prescribed by Rule 1042.10 that, "licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard."  I fail to see how the certificate is inadequate and will not dismiss the vicarious liability claims on this basis.

**IV.     CONCLUSION**

For the foregoing reasons, Counts III, IV and V are dismissed with prejudice as to the municipal defendants.  Plaintiffs will have leave to amend the complaint to plead claims sounding in negligence against "doe defendants" or other parties who are not entitled to sovereign immunity.  Defendants' motion to dismiss is otherwise denied.

An appropriate order follows.